The opinion of the court mas delivered Inj

Mr. Justice Richardson.

In the discussion of the grounds taken in this case, a question grew out of them which although it does not appear to have been specifically discussed at the trial below, nevertheless comes within the scope of the grounds taken against the verdict and precludes the necessity of considering any other question in the case. The rent became due on the 15th November, 1823; the goods had been removed from the demised premises upon thq 12th, 13th or 14th of the same month, and the distress for the rent was made on the 19 th. The rent having been in arrear on the 15th, the question is, could the landlord distrain at any time upon goods removed before the 15th November. This depends upon the second clause of the statute 8 Anne, c. 14; P. L. 98, which is in these words: “ And in case any lessee,” &c. &c. “ upon the demise whereof any rents are, or shall be reserved,” &rc. shall fraudulently convey or carry off from such demised premises his goods or chattels, with intent to prevent the lessor from distraining for arrears of such rent so reserved, &c. “ it shall and may be lawful to and for such lessor,” &c. “ within the space of five days, next ensuing such conveying away such goods,” <fy-c. “ to take and seize such goods wherever- the sameshall be found, as a distress for the said arrears of such rent,” fkc. She.
As the law stood before the statute, the landlord could dis-train such goods only as were found on the premises after the rent bad become due. But it was found that the goods were frequently removed after they had become liable to the distress,) *339 but before the landlord could exercise that right; and the statute with great reason extends the right of distraining to any place to which the goods may have been removed, but evidently never intended to extend the right to goods which never had been liable to the distress before they were removed from the demised premises: The important words are, “ with intent to prevent the landlord from distraining for arrears of rent,” clearly meaning rent due at the moment of removal. If the statute had intended to render the removed goods liable, although not liable when removed from the demised premises, then the limitation to five days after the removal would be very ineffectual, as it is easy to remove them six or seven days before the rent becomes due, so that the distress cannot be made within five days after the removal. If it had been intended to extend the right Of distress to goods removed before the rent' became in arrear, then the limitation would have been to five days after the rent was due, and not five days after the removal of the goods. The moment the rent is due, the landlord has a right to distrain. He has a species of lien upon the goods within the premises, and the statute preserves this lien for five days, although the goods should have been clandestinely removed, and extends it to the place of removal. But it creates no new lien upon goods removed before the rent was due, and upon which there never was, any lien or right of distress, even when within the premises demised. (see Watson, vs. Mair, 3 Esp. Rep. 15.) The motion is therefore granted.
Clarke, and Eckhard, for the mptiotj.
B'aws'on, contra.
Bay, JYott, and Gantt, Justices, concurred.